UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL HICKINGBOTTOM,          ) | |
|     *Petitioner*,                                      ) | |
|                                                                   ) | |
|     *vs*.                                                       ) | 2:11-cv-00320-JMS-WGH |
|                                                                   ) | |
| RICHARD BROWN,                            ) | |
|     *Respondent*.                                 ) | |

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Michael Hickingbottom filed a Petition for Writ of Habeas Corpus (the "Petition") on December 12, 2011, seeking to overturn his convictions for two counts of battery with bodily injury. For the reasons stated below, the Petition must be dismissed with prejudice.

**I.
SEVENTH CIRCUIT FILING PROHIBITION**

On January 3, 2013, the Seventh Circuit Court of Appeals issued an order in response to a request by Hickingbottom that he be permitted to file a second or successive habeas petition in an unrelated case. In the order, the Seventh Circuit fined Hickingbottom $500 and stated: "Until [Hickingbottom] pays that sum in full to the clerk of this court, he is *barred from filing further civil suits* in the courts of this circuit in accordance with *Support Sys. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995), and any papers he submits will be returned unfiled. Moreover, any papers he submits attacking his current criminal conviction will also be returned unfiled." [Dkt. 25 (emphasis added).] The Court does not read the Seventh Circuit's order as prohibiting Hickingbottom from pursuing his Petition here, or as prohibiting the Court from ruling on the Petition. The order post-dates his filing of the Petition, and refers specifically to "filing further civil suits" – not to resolving suits that were pending before the order was issued. Also, the

1

criminal conviction Hickingbottom is prevented from attacking is not the conviction at issue here. Finally, the Court notes that the Respondent agrees that the Seventh Circuit's order does not affect the instant case. [Dkt. 26.]

## II.
### BACKGROUND

The following underlying facts were set forth by the Indiana Court of Appeals, and are presumed to be correct because they have not been rebutted by Hickingbottom by clear and convincing evidence, 28 U.S.C. § 2254(e)(1):

> Hickingbottom was arrested and charged with two counts of Class D felony battery resulting in serious bodily injury on March 28, 2006. An initial hearing was held on April 26, 2006, at which Hickingbottom orally requested a "speedy trial." At the time, Hickingbottom was serving a sixty-year sentence in the Indiana Department of Correction on an unrelated case. On May 4, 2006, the trial court noted that Hickingbottom's earliest projected release date from the Department of Correction was not until 2063. The trial court therefore ordered Hickingbottom to be released on his own recognizance.
>
> On June 30, 2006, Hickingbottom appeared with counsel for a pre-trial hearing. At this hearing, the trial court, without objection, set Hickingbottom's case for a jury trial on January 24, 2007. On July 12, 2006, Hickingbottom filed a *pro se* motion to dismiss with prejudice, which the trial court declined to file because Hickingbottom was represented by counsel. The trial court subsequently reset the trial date to August 1, 2007. On March 1, 2007, Hickingbottom filed another *pro se* motion to dismiss, claiming that he was entitled to discharge under Criminal Rule 4(B). Again, the trial court declined to file this motion because Hickingbottom was represented by counsel.
>
> The trial court subsequently continued the trial date several times. Ultimately, the jury was selected for Hickingbottom's trial on September 24, 2008. On September 26, 2008, right before the commencement of the trial, Hickingbottom agreed to plead guilty as charged. The trial court took the matter under advisement and scheduled a sentencing hearing, which was eventually held on December 2, 2008. Hickingbottom was not personally present at the sentencing hearing because he refused to move from his cell. The trial court denied Hickingbottom's counsel's request for a continuance, accepted the guilty plea, and sentenced Hickingbottom *in absentia* to concurrent terms of three years for each Class D felony conviction. The trial court also ordered these sentences to be served consecutively to a sentence imposed in another cause.

[Dkt. 10-7 at 3-4 (*Hickingbottom v. State*, No. 48A02-1012-PC-1429, 2-3 (Ind. Ct. App. 2011)).]

Hickingbottom did not appeal that conviction or sentence through direct review, and the time for filing a direct appeal from the December 2, 2008 convictions expired on January 2, 2009. On April 7, 2010, Hickingbottom filed a *pro se* post-conviction petition in which he argued that the trial court erred in denying his motion to dismiss and in refusing to accept his *pro se* motions to dismiss, and that his trial counsel provided ineffective assistance because he failed to file motions for his discharge. [Dkts. 10-2 at 2; 10-7 at 4.] The post-conviction petition was denied on November 30, 2010. [Dkt. 10-2 at 2.]

On December 27, 2010, Hickingbottom filed a notice of appeal with the Indiana Court of Appeals as to the denial of his post-conviction petition. [Dkt. 10-3 at 3.] On appeal, he argued that: (1) the post-conviction court erred in denying his petition because the trial court's denial of his motions to dismiss constituted fundamental error; and (2) his trial counsel was ineffective for failing to file a motion to dismiss the charges and discharge the defendant pursuant to Indiana Criminal Rule 4(B). [Dkt. 10-4 at 6.] On July 26, 2011, the Indiana Court of Appeals affirmed the denial of post-conviction relief. [Dkt. 10-7 (*Hickingbottom v. State*, No. 48A02-1012-PC-1429 (Ind. Ct. App. 2011)).]

Hickingbottom filed a petition to transfer with the Indiana Supreme Court on August 12, 2011. [Dkt. 10-3 at 4.] In his petition to transfer, Hickingbottom raised the following questions for review: (1) when the trial court releases a defendant on his own recognizance and reschedules the trial date without notifying the defendant nor defense counsel, does the defendant lose his speedy trial right pursuant to Criminal Rule 4(B)?; and (2) if not, should the trial court have granted defendant's motion for dismissal due to the speedy trial violation? [Dkt. 10-8 at 3.] The Indiana Supreme Court denied transfer on November 16, 2011. *Hickingbottom v. State*, 962

N.E.2d 652 (Ind. 2011). Hickingbottom then filed the currently pending Petition on December 12, 2011. [Dkt. 1.]

### III.
### STANDARD OF REVIEW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws ... of the United States." 28 U.S.C. § 2254(a). "Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston*, 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1)); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

In addition to the substantive standard noted above, "[o]ut of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). Before a federal court can entertain a petition for habeas corpus, a state prisoner must exhaust his state remedies by presenting his claims fully and fairly to the state courts. *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999) (citing 28 U.S.C. 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997)). "A state prisoner ... may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000). Procedural default "occurs when a claim could have been but was not presented to the state court

and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court." *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992), *cert. denied*. When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.*, the errors worked to the petitioner's 'actual and substantial disadvantage,')…; or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.*, a claim of actual innocence…)." *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004) (internal citations omitted). "Cause" for a procedural default exists if the petitioner can demonstrate that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice is demonstrated by showing that the errors worked to the petitioner's "actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis omitted).

## IV.
### DISCUSSION

Hickingbottom raises two arguments in his Petition: (1) that the trial court abused its discretion by failing to grant his motion to dismiss, [dkt. 1 at 4]; and (2) that trial counsel provided ineffective assistance by failing to timely file a motion to dismiss based upon Hickingbottom's request for a speedy trial, [*id.*]. The Respondent argues that: (1) the Petition is time-barred because Hickingbottom's conviction became final on January 1, 2009, and he did not file his Petition until December 12, 2011 – well after the one-year deadline for filing had expired, [dkt. 10 at 5-7]; and (2) Hickingbottom's claims are either procedurally defaulted or non-cognizable, [*id.* at 7-10]. The Court will address each argument in turn.

### A. Timeliness

Hickingbottom's Petition was signed on November 30, 2011 and filed with this Court on December 12, 2011. [Dkt. 1.] On December 2, 2008, the trial court sentenced Hickingbottom and he did not seek direct review. [Dkt. 10-1 at 4.] Thus, his conviction became final on January 1, 2009, the date on which his time to file a notice of appeal had lapsed. Therefore, Hickingbottom had until January 1, 2010 to file a habeas petition or a post-conviction motion with the trial court to toll the statute of limitations. Hickingbottom's next pleading was for post-conviction relief and was filed on April 7, 2010. [Dkt. 10-2 at 2.] As of that date, the statute of limitations had run approximately four months earlier. Accordingly, the Petition is untimely and must be dismissed.[1]

### B. State Law Claim

In addition to being untimely, Hickingbottom's Petition fails for other reasons. It is well established that "[f]ederal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law." *Wilson v. Corcoran*, 131 S. Ct. 13, 14 (U.S. 2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Id.* at 16 (emphasis in original). As has "repeatedly" been held, "'federal habeas corpus relief does not lie for errors of state law.'" *Id.* (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). "'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Wilson*, 131 S. Ct. at 16 (quoting *Estelle*, 502 U.S. at 67-68).

---

[1] The Respondent also asserts that the Petition is untimely under the balance of the provisions in 28 U.S.C. § 2244(d)(1). But Hickingbottom does not allege, nor does the state court record indicate, that there was any impediment to filing the petition for post-conviction relief. Further, the claims are not founded on new law made retroactively applicable, or on facts that could not previously have been discovered.

Hickingbottom's first argument in his Petition is that the trial court abused its discretion by failing to grant his motion to dismiss. [Dkt. 1 at 4.] He alleges no violations of federal law on this issue, and the Court will not try to create one for him. Because Hickingbottom does not assert that his confinement violates federal law in connection with his claim that the trial court improperly denied his motion to dismiss, there is no basis for this Court to grant habeas relief on that claim and his Petition must be denied on that ground.

### C. Procedural Default

Hickingbottom argues that his trial counsel was ineffective because he failed to timely file a motion to dismiss due to his speedy trial request. [Dkt. 1 at 4.] However, Hickingbottom did not exhaust his state court appeals on this issue. Instead, the only issues he raised in his petition to transfer with the Indiana Supreme Court after post-conviction relief had been denied were: (1) when the trial court releases a defendant on his own recognizance and reschedules the trial date without notifying defendant nor defense counsel does the defendant lose his speedy trial right pursuant to Criminal Rule 4(B)?; and (2) if not, should the trial court have granted defendant's motion for dismissal due to the speedy trial violation? [Dkt. 10-8 at 3.] He did not raise any issue regarding ineffective assistance of counsel. Accordingly, he cannot obtain habeas relief on that claim. *See Howard*, 185 F.3d at 726; 28 U.S.C. § 2254(b)(1) ("An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State").

Because Hickingbottom did not exhaust state court appellate review on the underlying petition and, instead, has attempted to jump directly to federal court, the ineffective assistance of counsel claim in his Petition must be denied for his failure to exhaust. *See O'Sullivan*, 526 U.S.

7

838, 848 (1999) (holding that "a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort" has not properly exhausted the claims for purposes of 28 U.S.C. § 2254(b)(1)).

## V.
### CONCLUSION

The Court has carefully reviewed the state record in light of Hickingbottom's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). The deference due to state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Harrington*, 131 S. Ct. at 786; *see also Cavazos v. Smith*, 132 S. Ct. 2, 7-8 (2011) (per curiam) (citing Supreme Court jurisprudence "highlighting the necessity of deference to state courts in § 2254(d) habeas cases"). Hickingbottom's habeas petition does not present such a situation and that petition is therefore **DENIED**. Judgment consistent with this Entry shall now issue.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Hickingbottom has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling[s]." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court, therefore, denies a certificate of appealability.

8

09/09/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Henry A. Flores Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

**Distribution via U.S. Mail:**

MICHAEL HICKINGBOTTOM
147099
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838